Filed 7/8/2015 6:57:06 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE No. 10500-D

| | | |
|---|---|---|
| ERIN REYNOLDS A.K.A. ERIN THETFORD, INDIVIDUALLY and AS REPRESENTANTITIVE OF THE ESTATE OF MARY KNIGHT, AND AS REPRESENTANTITIVE OF THE ESTATE OF HAGEN THETFORD, Plaintiff | § § § § § § § § § | IN THE DISTRICT COURT |
| v. | § § § | Taylor 350th District Court<br>JUDICIAL DISTRICT |
| CAROLINA CARGO, INC. OF ROCK HILL, Defendants | § § § | TAYLOR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, ERIN REYNOLDS A.K.A. ERIN THETFORD, INDIVIDUALLY and AS REPRESENTANTITIVE OF THE ESTATE OF MARY KNIGHT, AND AS REPRESENTANTITIVE OF THE ESTATE OF HAGEN THETFORD, complaining of and against CAROLINA CARGO, INC. OF ROCK HILL, hereinafter Defendant, and files Plaintiff's Original Petition and for cause of action would show the Court as follows:

### I. DISCOVERY LEVEL

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as proscribed by TEXAS RULE OF CIVIL PROCEDURE 190.4. An agreed scheduling order has already been entered in this matter.

### II. PARTIES & SERVICE OF CITATION

Plaintiff, ERIN REYNOLDS A.K.A. ERIN THETFORD, INDIVIDUALLY and AS REPRESENTANTITIVE OF THE ESTATE OF MARY KNIGHT, AND AS



True and correct copy of original filed in the Taylor County District Clerks Office

REPRESENTANTITIVE OF THE ESTATE OF HAGEN THETFORD, is a natural person and was a resident of Limestone County, Texas, at the time of the events made the basis of this suit.

MARY KNIGHT was a 51 year old resident of Big Spring, Texas, at the time of the collision in question and her death. MARY KNIGHT died intestate on June 30, 2015, survived by her daughter, ERIN REYNOLDS. MARY KNIGHT has no other surviving spouse or children or other issue. ERIN REYNOLDS is the sole statutory beneficiary under the Texas Wrongful Death Statute, §§ 71.001, et seq., Tex. Civ. Prac. & Rem. Code, and is entitled to maintain individual claims thereunder. ERIN REYNOLDS, as the sole heir at law of MARY KNIGHT, deceased, is entitled to maintain an action pursuant to the Texas Survival Statute, §§ 71.021, et seq., Tex. Civ. Prac. & Rem. Code. ERIN REYNOLDS, individually, brings suit herein under the Texas Wrongful Death Statute, and brings suit as an heir on behalf of the Estate of MARY KNIGHT, deceased, under the Texas Survival Statute.

HAGEN THETFORD was a 12 year old minor resident of Big Spring, Texas, at the time of the collision in question and his death. HAGEN THETFORD died intestate on June 30, 2015, survived by his mother, ERIN REYNOLDS and his father TJ Thetford. HAGEN THETFORD has no other surviving spouse or children or other issue. ERIN REYNOLDS is a statutory beneficiary under the Texas Wrongful Death Statute, §§ 71.001, et seq., Tex. Civ. Prac. & Rem. Code, and is entitled to maintain individual claims thereunder. ERIN REYNOLDS, as an heir at law of HAGEN THETFORD, deceased, is entitled to maintain an action pursuant to the Texas Survival Statute, §§ 71.021, et seq., Tex. Civ. Prac. & Rem. Code. ERIN REYNOLDS, individually, brings



True and correct copy of original filed in the Taylor County District Clerks Office

suit herein under the Texas Wrongful Death Statute, and brings suit as an heir on behalf of the Estate of HAGEN THETFORD, deceased, under the Texas Survival Statute.

Defendant, CAROLINA CARGO, INC. OF ROCK HILL, is a foreign corporation doing business in the State of Texas. Service of process may be obtained on this Defendant by serving its registered agent, April Sloan at 102 Davis Street, Belmont, North Carolina, 28012 by private process server.

### III. JURISDICTION AND MAXIMUM DAMAGES

Jurisdiction is proper in this Court because Plaintiff is entitled to damages in excess of the minimum jurisdiction of this Court.

At the time of filing this lawsuit, Plaintiff seeks monetary relief over $1,000,000.00 and for judgment for all the other relief to which the party may be justly entitled in accordance with TRCP paragraph (c) (5) of R. 47.

### IV. VENUE

Pursuant to Section 15.002(A)(2) of the TEXAS CIVIL PRACTICE & REMEDIES CODE, venue is proper in Taylor County because it is the county of a defendant's residence at the time the cause of action accrued.

### V. FACTUAL BACKGROUND

Plaintiff, ERIN REYNOLDS, INDIVIDUALLY, AS REPRESENTANTITIVE OF THE ESTATE OF MARY KNIGHT, AND AS REPRESENTANTITIVE OF THE ESTATE OF HAGEN, brings this suit to recover damages for personal injuries and death sustained as a result of a collision at or around 4:50 a.m. in Merkel, Taylor County, Texas, on or about June 30, 2015. Said collision was proximately caused by the negligence of Defendant.



Doyle Knight was operating a motor vehicle with passengers Mark Knight, Drew Reynolds and Hagen Thetford while traveling in the eastbound lane on Interstate 20 near Merkel, Taylor County, Texas. At the same time, the operator of the vehicle owned, operated, controlled, and/or managed by CAROLINA CARGO, INC. OF ROCK HILL, was traveling in the westbound lane on Interstate 20. Suddenly and without warning the tractor-trailer operated by Defendant lost control and went through the center median and struck head on the vehicle in which Mary Knight and Hagen Thetford were passengers. As a result of this collision all four passengers of Mr. Knight's vehicle were killed.

At the time of the occasion in question, Doyle Knight was operating a motor vehicle, and at all times material to this incident exercising ordinary care for his safety as well as the safety of his passengers.

As a result of this collision, MARY KNIGHT and HAGEN THETFORD sustained significant personal injuries and death.

## VI. RESPONDEAT SUPERIOR

At all times material hereto, all agents, servants, and/or employees of Defendants, CAROLINA CARGO, INC. OF ROCK HILL, were acting within the course and scope of employment and/or official duties.

Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendant, CAROLINA CARGO, INC. OF ROCK HILL, was acting in furtherance of the duties of their office and/or employment, and for the financial benefit of CAROLINA CARGO, INC. OF ROCK HILL, as defined by §390.5 of the Federal Motor Carrier Safety Regulations, incorporated into Texas law by Chapter 37, Rule 3.62(a) of the Texas Administrative Code.



True and correct copy of original filed in the Taylor County District Clerks Office

Therefore, Defendant, CAROLINA CARGO, INC. OF ROCK HILL are responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees, including, pursuant to the Doctrine of *Respondeat Superior*.

### VII. NEGLIGENCE - CAROLINA CARGO, INC. OF ROCK HILL

Plaintiff further alleges that, upon the occasion in question, Defendant, CAROLINA CARGO, INC. OF ROCK HILL failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

a) Operating a motor vehicle while not physically fit to do so;

b) Operating a motor vehicle without adequate rest and/or sleep;

c) Failing to properly inspect the vehicle before operating said vehicle on a public roadway;

d) Failing to properly maintain the vehicle;

e) Failing to drive at a safe speed;

f) Failing to keep a proper lookout;

g) Failing to use due caution;

h) Failing to make a timely application of the brakes;

i) Failing to use the horn to warn other drivers;

j) Failing to obey traffic signs regulating the movement of traffic;

k) Failing to safely stop; and

l) Striking Plaintiff's vehicle which resulted in a collision causing injuries and death.

m) Failing to drive at a speed that was reasonable and prudent;

n) Driving with defective equipment;


True and correct copy of original filed in the Taylor County District Clerks Office

    o) Operating a vehicle that was unsafe so as to endanger a person;

    p) Failing to keep a proper lookout;

    q) Failing to pay adequate attention;

    r) Failing to use due caution; and

    s) Engaging in actions or inactions that caused another vehicle to strike his vehicle, causing serious personal injuries and death.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the damages sustained by Plaintiff.

## VIII. DAMAGES

Plaintiff would show that, as a direct and proximate result of the above-mentioned collision, Plaintiff has suffered injuries, damages and death. Plaintiff, as Representative of the EstateS of MARY KNIGHT and HAGEN THETFORD , Deceased, has experienced damages including, but not limited to the following:

    a. Pain and suffering of MARY KNIGHT;

    b. Pain and suffering of HAGEN THETFORD;

    c. Mental Anguish of MARY KNIGHT;

    d. Mental Anguish of HAGEN THETFORD;

    e. Funeral and Burial Expenses of MARY KNIGHT;

    f. Funeral and Burial Expenses of HAGEN THETFORD.

Plaintiff, ERIN REYNOLDS, Individually, has experienced damages including, but not limited to the following:

    a. Past and Future Mental Anguish;

    b. Past and Future Loss of Companionship and Society;



True and correct copy of original filed in the Taylor County District Clerks Office

c.  Past and Future Loss of Household Services; and

d.  Reimbursement of Funeral and Burial Expenses.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendants be cited to appear at a trial to and that on final hearing Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Respectfully Submitted,

THE CARLSON LAW FIRM, P.C.
11606 N. IH-35
Killeen, Texas 78753
(254) 526-5688
FAX (254) 526-8204

By:    /s/ Scott R. Crivelli
Craig W. Carlson
SBN: 00792039
Scott R. Crivelli
SBN: 24081713
scrivelli@carlsonattorneys.com

Plaintiff's Original Petition                                                                                     Page 7 of 7

STATE OF TEXAS
COUNTY OF TAYLOR
CERTIFIED TO BE A TRUE AND CORRECT COPY
OF THE ORIGINAL IN MY CUSTODY
GIVEN UNDER MY HAND AND SEAL OF OFFICE
DATED October 14 A.D. 20 15
PATRICIA HENDERSON
DISTRICT CLERK OF TAYLOR COUNTY, TEXAS
BY _____ DEPUTY