IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ERIN REYNOLDS A.K.A. ERIN THETFORD, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF MARY KNIGHT, and AS REPRESENTATIVE OF THE ESTATE OF HAGEN THETFORD, § § § § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 1:15-CV-198 | |
| WADE REYNOLDS, § § | | |
| Intervenor, § § | | |
| v. § § | | |
| CAROLINA CARGO, INC. OF ROCK HILL and SIN KIM, § § § § | | |
| Defendants. § | | |

## INTERVENOR'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Wade Reynolds, Intervenor in the above-referenced matter, and files his First Amended Complaint and would show:

### A. Background

1. Plaintiff sued Carolina Cargo, Inc. of Rock Hill in the 350th Judicial District Court of Taylor County, Texas, Cause No 10500-D, alleging *respondeat superior* and negligence against Carolina Cargo, Inc. of Rock Hill.

INTERVENOR'S FIRST AMENDED COMPLAINT                                                                 1

2.      Defendant, Carolina Cargo, Inc. of Rock Hill, was served on or about September 21, 2015. Defendant filed its Notice of Removal based upon diversity jurisdiction under 28 U.S.C. §1332 on October 16, 2015.

3.      Intervenor's claim and the main action have questions of law and fact in common.

## B. Parties

4.      Plaintiff, Erin Reynolds, is an individual that is a citizen of the State of Texas.

5.      Defendant, Carolina Cargo, Inc. of Rock Hill, is a corporation that is incorporated under the laws of the state of South Carolina, and has its principal place of business in South Carolina.

6.      Defendant, Sin Kim, an individual who is a citizen of South Carolina, did business in the State of Texas, as he committed a tort in Texas.  The Texas Secretary of State is an agent for service of process on Sin Kim, a nonresident who engaged in business in this State, but does not maintain a regular place of business in this State or a designated agent for service of process, in this proceeding that arises out of the business he did in this State and to which he is a party. Defendant Sin Kim may be served with process by serving the Texas Secretary of State.  The Texas Secretary of State shall mail a copy of the process to Sin Kim at 6115 Abbotts Bridge Road, Apartment 616, Duluth, Georgia 30097, his home address.

7.      Intervenor, Wade Reynolds, is an individual citizen of Texas who is the sole surviving parent of Drew Reynolds, Deceased.  Drew Reynolds was twenty-three years old when he died; he was never married and had no children.

## C. Jurisdiction

8. Plaintiff and Intervenor are citizens of the State of Texas and Defendant Carolina Cargo, Inc of Rock Hill is a South Carolina corporation with its principal place of business in South Carolina. Defendant Sin Kim is a citizen of South Carolina. The amount in controversy exceeds the minimum required by 28 U.S.C. §1332.

## D. Facts

9. This lawsuit results from a collision that occurred on June 30, 2015 at approximately 4:50 a.m., on Interstate 20 in Merkel, Taylor County, Texas. Intervenor's natural son, Drew Reynolds, was a passenger in a motor vehicle driven reasonably and prudently by Doyle Knight when Defendant Carolina Cargo, Inc. of Rock Hill's tractor-trailer truck driven by Sin Kim suddenly and violently struck Doyle Knight's vehicle which Drew Reynolds occupied. As a result of the impact, Drew Reynolds suffered injuries to his left leg, head, and internal organs that led to his death later that day.

## E. Count 1 - Negligence

10. At the time of the accident, Defendant Sin Kim was operating Carolina Cargo, Inc. of Rock Hill's truck negligently. Defendant Sin Kim had a duty to exercise ordinary care and operate the truck reasonably and prudently. Defendant Sin Kim breached that duty one of more of the following ways:

    a. Failing to timely apply his brakes.

    b. Failing to maintain a proper lookout.

    c. Driving the truck at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances.

INTERVENOR'S FIRST AMENDED COMPLAINT    3

    d. Driving the truck left of the center line of the roadway in violation of, V.T.C.A, Transportation Code §545.051, which is negligence per se.

    e. Driving the truck on the wrong side of the highway.

    f. Failing to turn the truck in an effort to avoid the collision.

    g. Driving the truck while not physically fit to do so.

<u>F. Employer Liability and Negligence</u>

11.    At the time of this collision, Sin Kim was an employee, servant, or agent of Defendant Carolina Cargo, Inc. of Rock Hill and was in the course and scope of his employment for Carolina Cargo, Inc. of Rock Hill and in the further of its business; therefore, Carolina Cargo, Inc. of Rock Hill is responsible for all damages resulting from Sin Kim's negligence.

12.    At the time of the accident, Defendant Carolina Cargo, Inc. of Rock Hill was negligent in its operation of its trucking company. Defendant Carolina Cargo, Inc. of Rock Hill had a duty to exercise ordinary care and operate its trucking company reasonably and prudently. Defendant Carolina Cargo, Inc. of Rock Hill breached that duty one or more of the following ways:

    a. Failing to adequately evaluate applicants such as Sin Kim before hiring him as a truck driver.

    b. Failing to adequately supervise its employee, Defendant Sin Kim.

    c. Failing to adequately train its employee, Defendant Sin Kim.

    d. Failing to adequately inspect its tractor-trailer trucks before using them to haul freight on public roadways.

    e. Violating the Federal Motor Carrier Safety Act in the way it operated its trucks and trailers on public roadways.

  f. Failing to adequately evaluate its employees' job performance so as to discharge any incompetent or negligent employee before he injures the traveling public.

## G. Damages

13. As a direct and proximate result of Defendant Sin Kim's negligence, Intervenor suffered the following damages for the wrongful death of his son:

  a. Pecuniary loss sustained in the past.

  b. Pecuniary loss in the future.

  c. Loss of companionship and society sustained in the past.

  d. Loss of companionship and society in the future.

  e. Mental anguish sustained in the past.

  f. Mental anguish in the future.

## H. Request for Jury Trial

14. Intervenor demands in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## I. Prayer

15. For these reasons, Intervenor asks for judgment against Defendants, jointly and severally for the following:

  a. Actual damages of $3,000,000.00.

  b. Pre-judgment and post-judgment interest.

  c. Costs of suit.

d. All other relief the court deems appropriate.

Respectfully submitted,

CHRISTOPHER J. CAMPANA
State Bar No. 03692200
2418 Spring Lane, LB 5950
Austin, Texas 78763
ccampanalaw@gmail.com
(512) 391-0026
(512) 479-4194 Facsimile
ATTORNEY FOR INTERVENOR

STEPHEN W. SHOULTZ
State Bar No. 18304250
Law Office of Stephen W. Shoultz
900 Jackson Street
Suite 140, LB 26
Dallas, Texas 75202-4425
sandra@shoultzfirm.com
(214) 742-3293
(214) 742-7700 Facsimile
ATTORNEY FOR INTERVENOR

### CERTIFICATE OF SERVICE

I the undersigned hereby certifies that on the 5th day of November, 2015, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas - Abilene Division, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

scrivelli@carlsonattorneys.com
Scott R. Crivelli
The Carlson Law Firm, P.C.
11606 N. I.H. 35
Austin, Texas 78753

wtoles@feesmith.com
William M. Toles
Fee, Smith, Sharp & Vitullo
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

STEPHEN W. SHOULTZ

INTERVENOR'S FIRST AMENDED COMPLAINT                                                      6